UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

CASSIE JANECKE,

        Plaintiff,

v.                                               Case No. 09-CV-894

ETHAN ALLEN SCHOOL,

        Defendant.

───────────────────────────────────────────────

## ORDER

On September 28, 2009, the plaintiff, Cassie Janecke ("Janecke"), filed an amended complaint against the defendant Ethan Allen School, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). (Docket #1). Eight months later, on May 13, 2010, the defendant filed a motion for judgment on the pleadings (Docket #11), arguing that: (1) the Ethan Allen School, an institution within the Wisconsin Department of Corrections, is not a suable entity; (2) Title I of the ADA did not abrogate Wisconsin's sovereign immunity and, therefore, Ms. Janecke's ADA claim is barred; and (3) the ADEA did not abrogate Wisconsin's sovereign immunity and, therefore, Ms. Janecke's ADEA claim is barred. (Docket #12). In response to the defendant's motion, the plaintiff filed a

motion to "amend/correct" the first amended complaint by the plaintiff.[1] (Docket #14). The plaintiff's proposed second amended complaint is directed against the Wisconsin Department of Corrections and alleges claims only arising from Title VII and the ADA. (Docket #14). The plaintiff contends that the proposed second amended complaint renders the defendant's motion for judgment on the pleadings as moot. (Pl's Resp. Br. 3). The plaintiff is partly correct: (1) altering the entity that is being sued from the Ethan Allen School to the Wisconsin Department of Corrections; and (2) not pursuing the ADEA claim resolves the defendant's first and third problems with the plaintiff's complaint. However, the plaintiff seems to ignore the defendant's second argument, supported by direct case law from the United States Supreme Court, that Congress did not abrogate the States' sovereign immunity with the Americans with Disabilities Act. It is well-established that private individuals cannot recover money damages from a State for violation of Title I of the ADA. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 360, 374 n.9, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). Here, the plaintiff is asking for monetary damages stemming from violations of Title I of the ADA and, therefore, it would be futile for the plaintiff to amend her complaint and to continue to pursue the ADA claim. *See Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007) (holding

---

[1] The plaintiff filed the motion as a "Rule 7.4 expedited non-dispositive motion." However, there is no such thing as Local Rule 7.4. Moreover, even if the plaintiff properly filed the motion as a "Rule 7(h)" motion, there is no reason why the motion needs to be resolved in an expedited manner. Accordingly, the court grants the defendant's motion to enlarge the time period to respond to the plaintiff's motion to amend the complaint. (Docket #16).
-2-

Case 2:09-cv-00894-JPS   Filed 07/01/10   Page 2 of 3   Document 21

that a court may deny leave to amend a complaint for futility). As such, the court will grant Janecke's motion to amend for the exclusive purpose of allowing her to pursue her Title VII claim.

Accordingly,

**IT IS ORDERED** that the defendant's motion for judgment on the pleadings (Docket #11) be and the same is hereby **DENIED as moot**,

**IT IS FURTHER ORDERED** that defendant's motion to "enlarge time" (Docket #16) be and the same is hereby **GRANTED**,

**IT IS FURTHER ORDERED** that plaintiff's motion to "Amend/Correct first Amended Complaint" (Docket #14) be and the same is hereby **GRANTED in part** and **DENIED in part**; the plaintiff be and the same is hereby **GRANTED** leave to filed an amended complaint pursuing a claim under Title VII of the Civil Rights Act of 1964.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge